ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
PETER REICHMAN, Special Assistant United States Attorney (#15241)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE FERNANDO VELASQUEZ-MORENO,<br>RONY ANAEL CHAVEZ-GALIANO, and<br>JOSHUA MORENO-MENCIA, a/k/a KENY JEOVANY MORENO-MENCIA,<br><br>Defendants. | Case No. 2:21-mj-00862 CMR<br><br>FELONY COMPLAINT<br><br>Count I: 8 U.S.C. § 1326,<br>Reentry of a Previously Removed Alien<br>(Velasquez-Moreno)<br><br>Count II: 8 U.S.C. § 1326,<br>Reentry of a Previously Removed Alien<br>(Chavez-Galiano)<br><br>Count III: 21 U.S.C. § 841(a)(1),<br>Possession of Heroin with Intent to Distribute<br>(Velasquez-Moreno)<br><br>Count IV: 21 U.S.C. § 841(a)(1),<br>Possession of Heroin with Intent to Distribute<br>(Chavez-Galiano)<br><br>Count V: 21 U.S.C. § 841(a)(1),<br>Possession of Heroin with Intent to Distribute<br>(Moreno-Mencia)<br><br>Chief Magistrate Judge Dustin Pead |

Before the Honorable Dustin Pead, United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

**COUNT I**
**8 U.S.C. § 1326**
**(Reentry of a Previously Removed Alien)**

On or about November 2, 2021 in the District of Utah,

JOSE FERNANDO VELASQUEZ-MORENO,

defendant herein, an alien who on or about July 15, 2020, January 31, 2018 and April 19, 2017, was excluded, removed, and deported from the United States, did knowingly reenter and was found in the United States in the District of Utah, having not obtained the consent of the Secretary of the United States Department of Homeland Security to reapply for admission into the United States; all in violation of 8 U.S.C. § 1326(a).

**COUNT II**
**8 U.S.C. § 1326**
**(Reentry of a Previously Removed Alien)**

On or about November 2, 2021 in the District of Utah,

RONY ANAEL CHAVEZ-GALIANO,

defendant herein, an alien who on or about May 24, 2017, was excluded, removed, and deported from the United States, did knowingly reenter and was found in the United States in the District of Utah, having not obtained the consent of the Secretary of the United States Department of Homeland Security to reapply for admission into the United States; all in violation of 8 U.S.C. § 1326(a).

**COUNT III**
**21 U.S.C. § 841(a)(1)**
**(Possession of Heroin with Intent to Distribute)**

On or about November 2, 2021 in the District of Utah,

JOSE FERNANDO VELASQUEZ-MORENO,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

**COUNT IV**
**21 U.S.C. § 841(a)(1)**
**(Possession of Heroin with Intent to Distribute)**

On or about November 2, 2021 in the District of Utah,

RONY ANAEL CHAVEZ-GALIANO,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

**COUNT V**
**21 U.S.C. § 841(a)(1)**
**(Possession of Heroin with Intent to Distribute)**

On or about November 2, 2021 in the District of Utah,

JOSHUA MORENO-MENCIA,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## STATEMENT OF PROBABLE CAUSE

Complainant states that this complaint is based on information obtained through investigation consisting of the following:

1. I, Hector Funes, am a Special Agent with Homeland Security Investigations (HSI) in Salt Lake City, Utah. I have been employed as a Special Agent with Homeland Security Investigations and have been employed in this capacity since August 2020. As Special Agent, I am responsible for enforcing federal immigration and criminal statutes, including Title 8 of United States Code, Section 1326 relating to illegal reentry of a previously removed alien; and Title 21 of United States Code, Section 841, relating to Possession with Intent to Distribute Controlled Substances. I have received specialized training in and during the course of my employment have conducted and assisted in hundreds of criminal investigations of Federal immigration and criminal laws.
2. This affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant; therefore, this complaint does not contain all of the information known to me or to law enforcement regarding this investigation. I have set forth only those facts necessary to establish probable cause to believe that JOSE FERNANDO VELASQUEZ-MORENO, RONY ANAEL CHAVEZ-GALIANO, and JOSHUA MORENO-MENCIA, a/k/a KENY JEOVANY MORENO-MENCIA have violated the crimes alleged above in this complaint.

3. Information developed to date as a result of my investigation and the investigation of others has revealed the following facts.

4. VELASQUEZ-MORENO is not a citizen or national of the United States. He is a native and citizen of Honduras. VELASQUEZ-MORENO was removed from the United States to Honduras on July 15, 2020, January 31, 2018 and April 19, 2017. After VELASQUEZ-MORENO's removal, he knowingly reentered the United States and on November 2, 2021, he was knowingly present and was found in Salt Lake County, Utah. VELASQUEZ-MORENO never applied to the Attorney General or the Secretary of the Department of Homeland Security for permission to re-enter the United States after having been removed.

5. CHAVEZ-GALIANO is not a citizen or national of the United States. He is a native and citizen of Honduras. CHAVEZ-GALIANO was removed from the United States to Honduras on May 24, 2017. After CHAVEZ-GALIANO's removal, he knowingly reentered the United States and on November 2, 2021, he was knowingly present and was found in Salt Lake County, Utah. CHAVEZ-GALIANO never applied to the Attorney General or the Secretary of the Department of Homeland Security for permission to re-enter the United States after having been removed.

6. While conducting surveillance on November 2, 2021, Detectives observed an unknown male leave a residence and walk to a convenience store located at 3984 West 3500 South, SLC, UT. Detectives observed the unknown male enter a red

Chevrolet Blazer and conduct what appeared to be a drug transaction. Detectives followed the red Chevrolet Blazer and conducted a traffic stop. The driver of the vehicle indicated he had just purchased heroin from the unknown male. The driver indicated he had been purchasing heroin from the unknown male for a couple of months.

7. Detectives then attempted to make contact with the unknown male and identified themselves and police officers. Detectives were able to detain the individual and identified him by his fingerprints as RONY ANAEL CHAVEZ-GALIANO. Upon searching CHAVEZ-GALIANO, detectives found that he was in possession of 25 black plastic twists and $770.00 in cash. The black plastic twists contained a substance that field tested positive for heroin. The total weight of heroin found on CHAVEZ-GALIANO'S person was 25.8 grams. Detectives also recovered CHAVEZ-GALIANO'S cell phone on his person and, pursuant to a search warrant, observed multiple text conversations where CHAVEZ-GALIANO was arranging to distribute heroin.

8. Also, on November 2, 2021, Detectives served a search warrant of CHAVEZ-GALIANO'S residence in West Valley, Utah. Detectives arrived and announced their presence and observed VELASQUEZ-MORENO attempted to flee out the back door of the residence. Detectives detained VELASQUEZ-MORENO and observed a Ziplock style back of black twists next to the door where VELASQUEZ-MORENO was attempting to flee. There was a brown tar like

substance in the black twists that field tested positive for heroin. The total weight of heroin found next to VELASQUEZ-MORENO was approximately 30 grams. Detectives recognized VELASQUEZ-MORENO as one of the individuals present during what detectives believed to be drug transactions during surveillance within the past thirty days.

9. During the search of the residence, detectives located another male, later identified by his fingerprints as JOSHUA MORENO-MENCIA, in the master bedroom of the residence. Detectives observed a digital scale and packaging materials in plain view. Detectives also observed that the toilet was overflowing with water and further observed packaging materials in the toilet. Post-Miranda, MORENO-MENCIA admitted to flushing several ounces of heroin down the toilet when he heard police at the residence. Detectives removed the toilet and located a large black twist containing 116 grams of a substance that field tested positive for heroin.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Based on the foregoing information, your affiant respectfully requests that a warrant of arrest be issued for JOSE FERNANDO VELASQUEZ-MORENO and RONY ANAEL CHAVEZ-GALIANO for violations of 8 U.S.C. § 1326(a) and 21 U.S.C. § 841(a)(1) and for JOSHUA MORENO-MENCIA for violation of 21 U.S.C. § 841(a)(1).

________________________________________
Affiant,
Special Agent Hector Funes

SUBSCRIBED AND SWORN to before me via video-teleconference this 9th day of November, 2021.

________________________________________
CECILIA M. ROMERO
U.S. Magistrate Judge, District of Utah

APPROVED:

ANDREA T. MARTINEZ
Acting United States Attorney

*/s/ Peter Reichman*
Peter Reichman
Special Assistant United States Attorney